# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>-vs-<br>JEREMIAH BOBB,<br><br>                     Defendant. | Case No.        1:21-CR-02005-MKD-1<br>**CRIMINAL MINUTES**<br><br>DATE:          JANUARY 10, 2023<br>LOCATION:  YAKIMA<br><br>**MOTION HEARING** |

### Honorable Mary K. Dimke

| Cora Vargas | 03 | Kimberly Allen |
|---|---|---|
| **Courtroom Deputy** | **Law Clerk** | **Court Reporter** |
| Michael Murphy | | Robin Emmans<br>Quinn Dalan |
| **Government Counsel** | | **Defense Counsel** |

**[ X ]  Open Court**          **[  ]  Chambers**          **[  ]  Video Conference**

Defendant present, not in custody of the US Marshal.

Mr. Murphy clarifies for the Court the confusion between the Minor R and Minor S referenced in his briefing regarding the Rule 413 evidence – this is the same individual.  Moving forward this individual will be referred to as Minor R.

Ms. Emmans moved to exclude introduction of evidence of an uncharged prior sexual assault that the government has provided notice of intent under FRE 413 to offer testimony it claims is relevant to Count 1 (ECF No. 78).
- Response in opposition by Mr. Murphy.

Mr. Murphy moved to permit the introduction of evidence pursuant to Fed.R.Evid. 413 and 414 (ECF No. 91).
- Response in opposition and rebuttal by Ms. Emmans.
- Additional response in opposition and rebuttal by Mr. Murphy.
- Additional response in opposition and rebuttal by Ms. Emmans.

Ms. Emmans moved to exclude evidence of a prior conviction for 4th Degree Assault with sexual motivation and indecent exposure, entered February 19, 2015 in the Yakima County Superior Court, Juvenile Division (ECF No. 76).
- Ms. Emmans moved to admit defendant's Exhibit No. 1, which consists of Yakima County Superior Court documents from Cause No. 14-8-00553-0 attached as Exhibit No. 1 to the government's filing at ECF No. 97; Mr. Murphy requested the exhibit be redacted; the Court informed the parties the exhibit will not be filed by the Court on the docket and instead will be retained by counsel following the hearing.
- **Court**: defendant's Exhibit No. 1 is admitted.
- Response in opposition by Mr. Murphy.
- Rebuttal by Ms. Emmans.

Recess:         10:23 a.m.
Reconvene:   10:35 a.m.

**[ X ]  ORDER FORTHCOMING**

| CONVENED: | 9:05 A.M.<br>10:35 A.M. | ADJOURNED: | 10:23 A.M.<br>11:28 A.M. | TIME: | 2:11 HR. | CALENDARED | [ X ] |
|---|---|---|---|---|---|---|---|

*USA -vs- BOBB*   January 10, 2023
1:21-CR-2005-MKD-1   Page 2
Motion Hearing

Ms. Emmans moved to bifurcate Counts 1 and 2 of the Superseding Indictment by reason of improper joinder pursuant to FrCrP 8(a) (ECF No. 70), or in the alternative pursuant to FrCrP 14 (ECF No. 77).
- Response in opposition by Mr. Murphy.
- Rebuttal by Ms. Emmans.
- **Court**: Defendant's Motion to Bifurcate Counts, FrCrP 8(a)), ECF No. 70, and alternative Motion to Bifurcate Counts Due to Prejudicial Joinder (pursuant to FrCrP 14), ECF No. 77, are **DENIED** – allegations involving Minor R are admissible as to both counts.

Ms. Emmans advised that defendant's Motion for Discovery (ECF No. 28) and Motion to Disclose Evidence Pursuant to Fed. R. Evid. 404 and 609 (ECF No. 29) filed by previous counsel are moot at this time, as she feels the government has provided all available discovery to date.
- **Court**: Defendant's Motion for Discovery, ECF No. 28, and Motion to Disclose Evidence Pursuant to Fed. R. Evid. 404 and 609, ECF No. 29, are **DENIED AS MOOT** with leave to renew at a later date if necessary.

Ms. Emmans informed the Court that after reviewing the government's briefing, she does not believe she has met the standard necessary for the Court to rule in defendant's favor on Defendant's Venire Motion (ECF No. 90) at this time but does believe it is an issue that can be successfully brought before the Court at a later date.
- **Court**: Defendant's Venire Motion, ECF No. 90, is **DENIED with leave to renew** after supplementing the record.

Court inquired with counsel as to the possible need for a supplemental jury questionnaire.
- Mr. Murphy requested a larger venire panel instead of a supplemental questionnaire to avoid jurors requesting excusal prior to reporting for service.
- Ms. Emmans requested the issue be addressed at a later date but indicated defense is inclined to request a supplemental questionnaire and a larger venire panel.
- Mr. Murphy suggested that a supplemental questionnaire or a larger venire panel is sufficient, not both.
- The Court informed the parties that a larger venire panel is usually summoned for these types of trials but the issue will be revisited at a later pretrial conference.

Court and counsel discussed defendant's Motion to Continue Pretrial and Trial and to Extend Filing Deadlines (ECF No. 94), and new proposed dates and deadlines.

The Court engaged the defendant in a colloquy regarding his right to a speedy trial and confirmed his understanding and agreement to waive that right.

**Court**: ends of justice are served by granting a continuance of the trial date; defendant's Motion to Continue Pretrial and Trial and to Extend Filing Deadlines (ECF No. 94) is **GRANTED**; excludable speedy trial act time ordered; the following dates are set/reset as follows (other deadlines to be set forth in order):

| | |
|---|---|
| **Pretrial Mtn Deadline for 5/16 PTC:** | 05/02/2023 |
| **Pretrial Conference:** | 05/16/2023 at 09:00 AM in Yakima |
| **Pretrial Mtn Deadline for 6/27 PTC:** | 06/06/2023 |
| **Additional Pretrial Conference:** | 06/27/2023 at 10:00 AM in Yakima |
| **Jury Trial:** | 07/17/2023 at 09:00 AM in Yakima, with a Final PTC at 8:30 |

Original signed Speedy Trial Waiver and Statement of Reasons in Support of the Motion to Continue Trial Date filed by defendant.