Robin C. Emmans
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
Attorney for Defendant
Jeremiah Bobb

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>             Plaintiff, <br> vs. <br> JEREMIAH BOBB, <br>             Defendant. | Case No. 21-cr-2005-MKD <br><br> OBJECTIONS TO PSIR |

Comes now defendant, Jeremiah Bobb, by and through counsel, and submits his objections to the draft PSIR. In its description of the Offense Conduct, pages 4-8, the report relies heavily on reports in discovery rather than on testimony in trial. This is also true of pages 10-26, Offense Behavior not part of Relevant Conduct. Because it was given under oath and cross examination and thereby accorded due process, the trial testimony should be relied upon rather than prior statements to law enforcement or other civilians. Because this report is relied upon not just by the court, but by the

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

Bureau of Prisons, inflammatory material not testified to during trial should be excised.

MEMORANDUM

Applicable Law

FRCrP 32 provides for sentencing procedures including the investigation and preparation of a presentence report. At (d)(3)(C), there is a provision for exclusion of "any other information that, if disclosed, might result in physical or other harm to the defendant or others." 18 USC 3552 provides statutory authority for the probation department to conduct the investigation and write the presentence report. It also gives the court authority to order further study, examination and reporting under various circumstances. The Due Process clause does apply to sentencing where there is a dispute as to the factual bases for the court's sentencing decision, as does the confrontation clause. See United States v. Christensen, 732 F.3d 1094, 1102 (9th Cir. 2013), United States v. Fortier, 911 F.2d 100, 101 (8th Cir. 1990). The Rules of Evidence are relaxed, and reliance on hearsay can be appropriate.

> In making either a due process challenge or a Fed. R. Crim. P. 32(c)(3)(D) challenge to a presentence report, a defendant bears the burden of first showing that "the disputed information is . . . false or unreliable". United States v. Columbus, 881 F.2d 785, 787 (9th Cir. 1989) (due process challenge); United States v. Roberson, 896 F.2d 388, 391 (9th Cir. 1990) (Rule 32(c)(3)(D) challenge).

United States v. Kimball, 975 F.2d 563, 567 (9th Cir. 1992).



217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

Argument

For each of the civilian witnesses in this case, the opportunity was given by the government at trial for a full disclosure of any sexual misconduct, threats, physical abuse, or other relevant wrongdoing by the defendant. On the part of Ms. Cree-Reed, Minor 1, and Minor 3, all adults, they chose not to do so. When the time came under oath and cross examination, they backed away from any mention of threats. Minor 1 made a very specific claim of two instances of sexual contact, a major departure from her prior statements. Minor 3 also gave a clear description of one event in which she did not even describe sexual contact, rather a single instance of touching of her clothing inside of her pants. Further, the description of Minor 3's claims are not needed to support the chapter 4 enhancement, USSG §4B1.5(b)(1). Minor 3 should not be included in the PSIR, based upon her trial testimony. Descriptions of law enforcement reports regarding witness statements should not be included in the PSIR, both because they are unnecessarily inflammatory, and because they are rendered unreliable by the trial testimony. Only the trial testimony was conducted under oath and in the context of cross examination, in accordance with Due Process and the Confrontation Clause. A paragraph-by-paragraph breakdown of objections follows.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

**Offense Conduct (ECF 220 pp. 4-8)**

11. Defendant admitted to being within 500 feet of a park while waiting in a car with his aunt. He also admitted that his friend had brought a child to his residence on one occasion during which he was not honest with probation about who was visiting, and that the child had been to the property prior to his being on supervision. He did not admit to multiple visits by the child during supervision, which could be implied by the wording of paragraphs 9 and 11 when taken together.

15. Details of the report to law enforcement should not be included in the notation that a report was made. Minor 1 did not testify about drinking, an ongoing pattern since the age of 14, touching on the penis, pulling down of her pants, any sexual contact while horizontal, efforts to convince her not to talk about it. She testified that only on one occasion did Minor 2 witness sexual contact between her and Mr. Bobb.

16. Ms. Cree provided a written statement at Bates p. 11, which she affirmed at trial was an accurate description of the conversation with Mr. Bobb. According to that testimony and statement, Mr. Bobb admitted to having sex with Minor 1, not to having sexually abused her, either under the legal definition or a more colloquial understanding of the phrase. And while she is referred to as a minor, there is no demand for an explanation of why he had sex with her.

17. In this paragraph, the background information conflicts with trial testimony to some extent. Ms. Cree also says that Mr. Bob is no relation to her, but in fact he is her

- 4 -

nephew, the grandson of her mother, the son of her sister. More concerning is the description of Minor 2 acting out sexually. This is not even a second-hand account. Rather, it appears to be something described to Ms. Cree by a babysitter, who then relayed it to law enforcement. The defense would also expect to be able to demonstrate that Ms. Cree's mother did not pass away in January, but closer to May. Minor 2 did testify to seeing Minor 1 and Mr. Bobb have sexual contact, but did not testify that she was threatened with a whipping.

18. Minor 1's testimony was inconsistent with this statement. Her trial testimony should be relied upon rather than reports to law enforcement or others.

19. No objection.

20. Minor 1 did not testify consistently with this statement. She did not claim any threats, and she testified to only two events. Her trial testimony should be relied upon.

21. The defense objects to the inclusion of Ms. Cree's impressions about any other allegations made against Mr. Bobb. As argued elsewhere, the allegations relating to Minor 3 should not be referenced, and the allegation that resulted in Mr. Bobb's juvenile criminal charge is dealt with elsewhere in the PSIR. Ms. Cree's confrontation with Mr. Bobb is dealt with in paragraph 16. It should be clarified that there was only one such confrontation.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

22. The defense would clarify that Minor 2 confirmed that she had seen Minor 1 and Mr. Bobb having sexual contact. She did not corroborate anything else in Minor 1's statements. Also, the defense would clarify that Minor 2 disclosed new sexual abuse allegations against men in the home other than Mr. Bobb, who was not accused by Minor 2 at this time.

23. As with her other statements, this statement by Minor 1 is inconsistent with her trial testimony. Trial testimony should be relied upon rather than prior statements.

24. No objection.

25. No objection.

26. No objection.

27. No objection.

28. No objection.

29. The third sentence conflicts with trial testimony.

30. Minor 2 was unable to even remember this interview. She was not able to testify about it during trial and was therefore not able to be cross-examined about it during trial. Descriptions of sexual misconduct by Mr. Bobb with Minor 2 should therefore be limited to what she was able to affirmatively testify about at trial.

31. No objection.

32. The transcript of testimony for Minor 1 is found at pages 386-410 of Jury Trial Day 2, Volume II, July 26, 2023. Minor 1 testified that Mr. Bobb assaulted her twice,

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

but could not remember whether or not both occurred before her 16th birthday. See p. 394.

33. No objection.

**Offense Conduct Not Part of Relevant Conduct (ECF 220, pp. 10-12)**

Paragraphs 61-67: Minor 3 made multiple statements over time, refusing to cooperate with law enforcement after making reports, and then renewing her claims at various times. At trial, under oath and under cross examination and now an adult, she simply said that once, Mr. Bobb touched the backside of her pants under her clothes. Her other statements should not be relied upon, given how drastically different her testimony was at trial. Nor should this material be included in the PSIR. Mr. Bobb is already convicted of two counts that carry a stigma within the prison system and put him at risk of harm. It is unnecessary to the sentencing calculations to factor in Minor 3, and her testimony did not support such a finding in any event. As a result, these unreliable and highly inflammatory descriptions of violence and sexual aggression should not be included in the PSIR.

68. No objection to the characterization of Minor 3's testimony, but the defense maintains that mention of Minor 3's accusations should not be included in this document, given that she backed away from them during trial testimony.

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

CONCLUSION

For the foregoing reasons, the defense requests that the court review the draft PSIR and remove sections that rely on statements made outside of court by witnesses who did testify in court. Because of the nature of these offenses of conviction, Mr. Bobb will already face a more challenging prison experience than others. The defense seeks to ensure that the document relied on by the Bureau of Prisons in handling his placement and programming is not unnecessarily inflammatory in light of that circumstance.

DATED: October 19, 2023

                                                          s/ Robin C. Emmans
                                                    Robin C. Emmans, WSBA 37085
                                                    2nd Street Law PLLC
                                                    217 N. 2nd Street
                                                    Yakima, WA 98901
                                                    (509) 575-0372
                                                    (509) 452-6771 (fax)
                                                    Robin.emmans@secondstreetlaw.com
                                                    Attorney for Jeremiah Bobb

# CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AUSA Michael Murphy.

    s/ Robin C. Emmans
Robin C. Emmans, WSBA 37085
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
(509) 452-6771 (fax)
Robin.emmans@secondstreetlaw.com
Attorney for Jeremiah Bobb